UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUPERCELL OY, <br><br> Plaintiff, <br><br> v. <br><br> ROTHSCHILD DIGITAL MEDIA INNOVATIONS, LLC, <br><br> Defendant. | Case No.: _____ <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff Supercell Oy ("Supercell") brings this action against Defendant Rothschild Digital Media Innovations, LLC ("RDMI") and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action seeking a declaratory judgment of non-infringement under 28 U.S.C. §§ 2201 and 2202.

## PARTIES

2. Plaintiff Supercell is a corporation organized and existing under the laws of Finland, with a principal place of business at Helsinki, Finland.

3. On information and belief, RDMI is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business at Bay Harbor.

COMPLAINT FOR DECLARATORY JUDGMENT

Fenwick & West LLP
1191 Second Avenue, 10th Floor
Seattle, Washington 98101
telephone 206.389.4510
facsimile 206.389.4511

**SUBJECT MATTER JURISDICTION**

4. This is a civil action regarding allegations of patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, in which Supercell seeks declaratory relief under the Declaratory Judgment Act. Thus, the court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202. This action includes a claim for a declaratory judgment of patent noninfringement arising under the patent laws of the United States, Title 35 of the United States Code.

5. An actual controversy exists between Supercell and RDMI by virtue of RDMI's assertion of rights under the patent-in-suit based on certain ongoing activity by Supercell. In particular, RDMI has asserted that the patent-in-suit relates to interactive and remote computer interface systems and specifically asserted that Supercell's "continued distribution of video games in the United States" infringes RDMI's rights under the patent-in-suit.

6. Supercell contends that it has a right to engage in making, using, offering to sell, and selling its products, including its mobile games, without license from RDMI.

**VENUE AND JURISDICTION**

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 9(c) and/or 1400(b).

8. On information and belief, the Court has personal jurisdiction over RDMI at least because Leigh Rothschild, the sole owner and employee of RDMI, is the agent of RDMI, and maintains continuous and systematic contacts with Washington, as well as contacts specific to Mr. Rothschild's patent enforcement activities. On information and belief, Mr. Rothschild is the primary shareholder of RDMI and directs the activities of RDMI, including authorizing counsel for RDMI to assert its rights under the patent-in-suit against Supercell. As described above, counsel for RDMI contacted Supercell regarding the patent-in-suit.

9. On information and belief, the Court also has personal jurisdiction over RDMI at least because by virtue of Mr. Rothschild's contacts with Washington. On information and

COMPLAINT FOR DECLARATORY JUDGMENT

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

belief, Mr. Rothschild is the alter ego of RDMI, Mr. Rothschild, the sole owner and employee of RDMI, is the same economic entity as RDMI.

10.  On information and belief, RDMI has no ascertainable assets beyond the patent-in-suit.  On information and belief, Mr. Rothschild is the sole shareholder of RDMI's stock and receives all profits from RDMI, to the extent any exist, and makes all economic contributions to RDMI.  On information and belief, if Supercell were granted an award of attorneys' fees, RDMI lacks sufficient solvency to satisfy any such award.

11.  On information and belief, Mr. Rothschild formed the RDMI entity, as well as several other entities, and transferred the patent-in-suit to several entities and finally to RDMI in order to shield himself from personal liability for his actions in enforcing the patent-in-suit.  For example, Mr. Rothschild's other entities have asserted the patent-in-suit in four lawsuits beginning in 2002.  By improperly shielding himself from liability, Mr. Rothschild limits the damages Supercell can seek upon proving noninfringement and entitlement to fees and costs as appropriate, for example, fees pursuant to 35 U.S.C. § 285.  On information and belief, Mr. Rothschild improperly benefits by receiving all licensing fees or damages RDMI may receive from other target companies while avoiding any personal liability.

12.  On information and belief, the Court has specific personal jurisdiction over Mr. Rothschild because Mr. Rothschild has extensive contacts with Intellectual Ventures Management, LLC ("IV"), a company located in Bellevue, Washington.  On information and belief, Mr. Rothschild entered into a business relationship with IV and has sold a number of his patents to IV, including possibly, the patent-in-suit.   To the extent Mr. Rothschild has not sold the patent-in-suit to IV, the Court has general personal jurisdiction over Mr. Rothschild due to his ongoing activities in the Western District of Washington due to his business relationship with IV.

13.  On information and belief, Mr. Rothschild has ongoing and systematic contacts with the Western District of Washington because he has a regular and ongoing business

COMPLAINT FOR DECLARATORY JUDGMENT

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE  206.389.4511

relationship with IV relating to Mr. Rothschild's patent enforcement and monetization activities, including engaging in negotiations with IV regarding the sale of his patents. On information and belief, Mr. Rothschild has travelled to Bellevue to meet with IV and has spent time in the Bellevue area as a result of those meetings, including time spent in hotels and restaurants. On information and belief, Mr. Rothschild has entered into a contractual relationship with IV with respect to Mr. Rothschild's patents. *See* **Exhibit A**.

## BACKGROUND

14. RDMI purports to be the owner of U.S. Patent No. 6,101,534 (the "'534 patent"), entitled "Interactive, Remote, Computer Interface System," a copy of which is attached as **Exhibit B**.

15. RDMI is one of several entities controlled by Mr. Rothschild and such entities have collectively initiated six patent infringement actions alleging that numerous entities are making, using, selling, offering to sell, and/or importing products that allegedly infringe one or more claims of the '534 patent in the past thirteen years.

16. On May 27, 2015, John C. Carey of Carey Rodriguez sent a letter to Markku Ignatius, Legal Counsel, Supercell Oy with the Re: line "U.S. Patent No. 6,101,534 to Rothschild." The letter states that RDMI believes that Supercell is engaged in unauthorized use of the '534 patent and proposed a non-exclusive license to the '534 patent.

17. RDMI asserts that Supercell directly and/or indirectly infringes one or more claims of the '534 patent by making, using, selling, offering for sale, or importing multiplayer gaming apps.

18. Supercell has a direct and substantial interest in defeating any claims relating to the alleged infringement of the '534 patent.

19. Supercell does not infringe any claim of the '534 patent, directly or indirectly, contributorily or otherwise, through its or its customer's activities in conjunction with any of Supercell's products

COMPLAINT FOR DECLARATORY JUDGMENT

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

20. There is an actual, substantial, and continuing justiciable controversy between Supercell and RDMI. Supercell and RDMI have adverse legal interests of sufficient immediacy and reality to warrant the issuance of declaratory judgment regarding non-infringement of the '534 patent.

**FIRST CLAIM – DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,101,534**

21. Supercell restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 20 above.

22. RDMI has alleged that the use of certain multiplayer gaming apps that Supercell distributes directly infringes one or more claims of the '534 patent. RDMI has alleged that Supercell indirectly infringes one or more claims of the '534 patent.

23. On information and belief, RDMI claims to be the owner of all right, title and interest in the '534 patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it.

24. Supercell does not infringe any claim of the '534 patent, directly or indirectly, contributorily or otherwise, through its or its customer's activities in conjunction with any of Supercell's products, either literally or under the doctrine of equivalents.

25. An actual and justiciable controversy exists between Supercell and RDMI as to Supercell's noninfringement of the '534 patent.

26. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Supercell requests that this Court enter a judgment that Supercell does not infringe, under any theory of infringement, any valid claim of the '534 patent.

**PRAYER FOR RELIEF**

WHEREFORE, Supercell respectfully requests judgment in favor of Supercell and against RDMI as follows:

A. For a declaration that Supercell has not and does not infringe, either directly or

COMPLAINT FOR DECLARATORY JUDGMENT

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

1 indirectly, any claim of the '534 patent;

2      B.  For injunctive relief against RDMI, and all persons acting on its behalf or in
3 concert with it, restraining them from further prosecuting or instituting any action alleging
4 that any Supercell method, product, or technology, or others' use thereof, infringes any claim
5 of any of the '534 patent;

6      C.  A declaration that this case is exceptional and that Supercell is entitled to an
7 award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

8      D.  Any such other and further relief as the Court may deem just and proper.

Dated:   July 13, 2015                                     FENWICK & WEST LLP

                                                      By: s/Jeffrey A. Ware, WSBA No. 43,779
                                                           Jeffrey A. Ware

                                                            1191 Second Avenue, 10th Floor
                                                            Seattle, WA 98101
                                                            Telephone:  206.389.4510
                                                           Facsimile:   206.389.4511

                                                           Attorneys for Plaintiff
                                                           SUPERCELL OY

COMPLAINT FOR DECLARATORY JUDGMENT

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE  206.389.4510
FACSIMILE  206.389.4511